JOHN D. WILLIAMS and others v. E. W. WOOTEN, Adm'r.

*Administrator—Settlement of Estate—Evidence.*

Upon the trial of an issue as to whether an administrator had certain notes and accounts against the estate of his intestate at the time he rendered his account, and whether the fund in his hands was applied

to their payment; *Held,* that the testimony of a witness that "he had seen the notes and accounts due the administrator but they are not on file," was not admissible, the notes and accounts not being produced and there being no evidence of their loss or destruction or that search had been made for them.

CIVIL ACTION, tried at Spring Term, 1878, of BLADEN Superior Court, before *Eure, J.*

In 1866 Isaac Wright died and in or about the same year H. A. Monroe became his administrator, and gave bond with the plaintiffs as his sureties. In the fall of 1874 Monroe died and the defendant became his administrator. Before the death of Monroe, viz., on the 21st of March, 1874, he returned to the Probate Court an account of his administration of Wright's estate in which he charged himself with $709.80 received from the estate, and credited himself with disbursements and commissions to the amount of $432.15, thus apparently admitting himself a debtor to the estate in $277.65. On the same day however, and probably at the same time, he filed in the office of the Probate Court a statement to the effect that certain debts had been presented to him as administrator, which remained unpaid in consequence of his having no assets applicable to them. The debts are described as: (1) Judgment in favor of, &c., $8201.93: (2) Judgment in favor of, &c:, $610.00: (3) Account due George Tait, $29.05. (4) Note due N. & C., $—, on which, suit has been entered. $1000 on accounts and notes due H. A. Monroe."

After the death of Monroe, one Whitted qualified as administrator *de bonis non* of Wright, and upon his threatening to sue the plaintiffs as sureties upon the administration bond of Monroe, they paid him the sum of $277.65 apparently owing by him to the estate of Wright. This action is brought to recover that sum with interest from the estate of Monroe. At the trial by consent of parties, the only issue submitted to the jury was: " Did Monroe have notes

and accounts against the estate of Wright to the amount of $277.65 at the time he rendered his accounts, and was that sum applied to pay them?"

To prove that Monroe had such notes, &c., the defendant introduced R. H. Lyon as a witness who testified, " that he had seen the notes and accounts due Monroe, but they are not on file." The plaintiff objected to this testimony, but it was received and the jury found in the affirmative upon the issue, and the Court gave judgment against the plaintiffs, from which they appealed.

*Mr. T. H. Sutton,* for plaintiffs.
*Messrs. C. C. Lyon,* and *J. W. Hinsdale,* for defendant.

RODMAN, J. (After stating the case as above.) The fourth item in the paper filed by Monroe with his accounts and which is the clause relied on by the defendants is unintelligible or equivocal in the transcript of the record sent to us. But taking it most favorably for the defendant, and in connexion with the evidence of Lyon, it is not sufficient to prove that there were debts owing to Monroe by Wright to which he might lawfully apply the sum in his hands. Taking it—which is the natural and most favorable construction for the defendants—that the judgments spoken of were recovered against Wright in his lifetime, the assets in Monroe's hands were applicable to those judgments and not to the notes which Monroe held, if he held any, and the administrator *de bonis non* of Wright was entitled to recover the assets in Monroe's hands for the purpose of applying them in that way. The evidence of Lyon as to the notes and accounts was incompetent; they were not produced and there was no evidence of their loss or destruction, or that any search had been made for them. Lyon does not say that he knew the handwriting of Wright, or that the notes were in fact signed by him; the utmost that can be fairly inferred

·from his testimony is that he saw certain writings purport-
ing to be notes of Wright, but the amounts he does not
·state; and that he saw certain writings purporting to be ac-
counts against Wright, but he does not say that they were
in fact owing by Wright, or to whom they were owing if
to any one.

As the defendant became administrator of Monroe after
July 1869, the only effect of a judgment against him would
be to ascertain the debt. There was error in the proceed-
·ings below, the judgment is reversed and there will be a
·new trial.

Error.                                         *Venire de novo.*